UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-1564 (JFB) (AKT)
_____

HAROLD P. SCHROER,

Plaintiff,

VERSUS

EMIL NORSIC & SON, INC., AND CAPITAL ONE FINANCIAL CORPORATION,

Defendants.

_____

MEMORANDUM AND ORDER
December 5, 2007
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Harold P. Schroer ("plaintiff") brought this action against contractor Emil Norsic and Son, Inc. ("Norsic") and Capital One Financial Corporation ("Capital One") in connection with a dispute regarding a $543.75 charge to plaintiff's Mastercard after plaintiff hired Norsic to clean the septic tank at his home. By Stipulation, filed August 7, 2007, the case against Capital One was dismissed with prejudice.

With respect to the remaining defendant, Norsic, plaintiff attempts to assert federal claims under the "U.S. Consumer Protection Act," the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCPA"). Plaintiff also seeks to bring state claims for fraud, breach of contract, defamation, and unfair and deceptive business practices.

Norsic moves to dismiss plaintiff's federal claims in the Amended Complaint (the "complaint") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Norsic also seeks to have the Court, if the federal claims are dismissed, decline to exercise subject matter jurisdiction over the remaining state claims. For the reasons set forth below, Norsic's motion to dismiss the federal claims is granted. Specifically, given the facts in the complaint, there is no plausible claim that can be brought under federal law with respect to the charge submitted by Norsic to Capital One in connection with work at plaintiff's home. The Court declines to retain jurisdiction over plaintiff's remaining state law claims, and dismisses such claims without prejudice.

## I. Background

### A. Facts

The facts are drawn from the complaint and taken as true for the purposes of this motion.

Plaintiff's complaint seeks compensatory damages against Norsic for a breach of contract in the amount of $419.00.[1] Plaintiff also seeks the following: (1) compensatory damages in an unspecified amount for defamation; (2) punitive damages in an unspecified amount; and (3) a permanent injunction by which the Court would order that Norsic follow certain procedures in performing septic tank work and charging customers.

With respect to the core dispute regarding Norsic's work on the septic tank, although plaintiff acknowledges in the complaint that he authorized a charge to his Capital One credit card for work Norsic was to perform on his septic tank (based on a estimate of $250), he alleges (1) that Norsic overcharged him for the work done and thereby obtained payment on his card for $543, (2) that Capital One relied on the misrepresentations of Norsic regarding the amount owed, and (3) that this resulted in "defamation" of his credit.

---

[1] The complaint appears to calculate damages at $419.00 by combining the alleged overpayment for the cleaning of plaintiff's septic tank in the amount of $225.64, $75.00 in damages to refill some dirt that was excavated, and $78.66 as a separate overcharge for claiming to remove sewage in excess of what was actually removed from the tank, although the sum of these figures is actually $379.30. (Compl. at 2.)

### B. Procedural History

Plaintiff filed the complaint on April 17, 2007. By letter dated May 7, 2007, plaintiff requested leave to amend his complaint. On May 8, 2007, the Court granted leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. On May 30, 2007, the Amended Complaint was filed. On July 27, 2007, Norsic filed its motion to dismiss. On August 7, 2007, a stipulation of dismissal with prejudice was filed as to Capital One. On September 25, 2007, plaintiff filed his opposition to the motion. On October 30, 2007, at plaintiff's request, oral argument was held. In a letter dated November 1, 2007, plaintiff submitted a letter supplementing his previous submission. All of plaintiff's submissions have been considered by the Court.

## II. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* Moreover, as the plaintiff is appearing *pro se*, the Court shall "'construe

[his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). In connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis, 421 F.3d at 100; *accord Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991).

### III. DISCUSSION

Norsic moves to dismiss the federal claims for failing to state a cause of action given the allegations in the complaint, which Norsic argues establish that no federal claim exists against it as a matter of law. Norsic further argues that the Court should decline to exercise supplemental jurisdiction over the state claims. As set forth below, the Court finds that all of plaintiff's purported federal claims fail as a matter of law, and declines to exercise pendent jurisdiction over the remaining state claims.

### A. Federal Claims

Plaintiff argues that federal claims exist against Norsic under the "U.S. Consumer Protection Act," the FDCPA, and the FCRA.

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Based upon this definition, the Second Circuit has explained:

> As a general matter, creditors are not subject to the FDCPA. However, a creditor becomes subject to the FDCPA if the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, "pretends to be someone else" or "uses a pseudonym or alias." *Villarreal v. Snow*, [No. 95 C 2484,] 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996).

*Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *see also Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights.").

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of

3

such information." 15 U.S.C. § 1681b. Thus, "[t]he FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Redhead v. Winston & Winston, P.C.,* No. 01 Civ. 11475 (DLC), 2002 WL 31106934, at *3 (S.D.N.Y. Sept. 20, 2002) (citations omitted).

In the instant case, based upon the allegations in the complaint, it is abundantly clear that there can be no cause of action under either of these statutes (or any other federal law) against Norsic for the acts alleged in the complaint. Plaintiff concedes in his complaint that, after being given an estimate that the services by Norsic would be approximately $250, he gave them his Capital One credit card to bill him, and Norsic received payment. Norsic's only activity in the complaint with respect to plaintiff's credit card was to charge plaintiff for $543 for work performed, which plaintiff disputes was unjustified given the estimate and the actual work done. According to the complaint, Norsic did not act as a creditor extending credit to plaintiff, never sought to collect any debt on its own behalf or through a collection agency, never furnished any information to any credit reporting agency, never used any consumer report information of the plaintiff, and never took any action at all as it relates to plaintiff's credit standing. Instead, the complaint alleges that Capital One reported him to collection agencies when he disputed the credit card bill. Plaintiff seeks to hold Norsic responsible for these issues with his credit because, if Norsic did not require him to pay for the services (which he alleges were unjustified), he would not have had the credit problems with Capital One. However, there is no federal claim under the FDCPA or the FCRA for such a theory of liability given the factual circumstances described in the complaint. To hold otherwise would allow anyone who believed they were overcharged on a credit card by a contractor or any other type of service provider to refuse to pay the credit card company, and then seek to sue the contractor for any ensuing credit problems caused by the consumer's refusal to pay the credit card company. There is no language in the FDCPA, the FCRA, or any other federal statute that provides for a federal cause of action against the service provider in such a situation.[2]

At oral argument and again in a supplemental submission, plaintiff argues that the Supreme Court's decision in *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749 (1985), provides a federal cause of action and, thus, a basis for federal

---

[2] In the complaint, plaintiff also alleges jurisdiction under the "U.S. Consumer Protection Act" without any citation. The Court is unaware of a federal statute under that particular name and, thus, it is unclear to the Court the precise statute that plaintiff is attempting to invoke. To the extent plaintiff is referencing the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, or the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 18 U.S.C. § 158(d), neither of those statutes provide any cause of action under the facts as alleged in this case and have no applicability. As noted above, the Court has considered whether the allegations in the complaint could potentially provide a cause of action under any federal statute and finds that no such claim exists as a matter of law on this complaint. Finally, to the extent that plaintiff is referring to the New York Consumer Protection Act, N.Y. General Business Law §§ 349 and 350, as set forth *infra*, the Court declines to exercise supplemental jurisdiction over such claims and, therefore, plaintiff can attempt to pursue any such claim in state court.

4

jurisdiction over this case. However, plaintiff's reliance on the *Dun & Bradstreet* case is misplaced. That case involved a defamation action by a construction contractor against a credit reporting agency that allegedly issued a false credit report to a contractor's creditors. 472 U.S. at 751. Moreover, no federal statute was implicated; rather, it was a state defamation claim brought in Vermont state court. *Id.* at 752. The Supreme Court was addressing whether the First Amendment provided certain protections from such a state defamation claim. *Id.* at 753. Thus, the *Dun & Bradstreet* case provides no support for plaintiff in his attempt to demonstrate that a *federal* claim exists based upon the alleged facts in this case.

In short, having carefully examined the complaint, the Court finds that the purported federal claims must fail as a matter of law because plaintiff cannot state a cause of action. Furthermore, because the Court finds, for the reasons discussed *supra*, that any amendment of plaintiff's complaint would be futile (given the facts already contained in the complaint), the claim is dismissed without leave to replead the claim. *See Dluhos v. Floating and Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (finding that a *pro se* litigant may be denied leave to amend where such an amendment would be futile).

### B. State Law Claims[3]

In addition to the federal claims, plaintiff asserts several state law claims, including fraud, breach of contract, defamation, and unfair and deceptive business practices. "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recover, Inc.*, No. 06-CV-6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "decline[s] to exercise supplemental jurisdiction over [plaintiffs'] state law claims [because] it has dismissed all claims over which it has original jurisdiction." *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)) (internal quotation marks omitted) ("If the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."); *Karmel v. Liz Claiborne, Inc.*, No. 99-CV-3608 (WK), 2002 U.S. Dist. LEXIS 12842, at *10-*11 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Moreover, the Second Circuit has recognized that the dismissal of remaining state claims after the dismissal of federal claims is particularly appropriate where as here, the resolution of the state law claims entails resolving additional issues of fact. *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007). Accordingly, pursuant to

---

[3] Because plaintiff is a New York resident and Norsic is incorporated under New York law, and because less than $75,000 in damages is being sought, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 for the state law claims.

5

42 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state claims, and dismisses such claims, without prejudice.

### C. Leave to Replead

Although plaintiff has not requested leave to amend or replead his Amended Complaint again, the Court has considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile.[4] As discussed *supra,* it is clear from the complaint that Norsic's only role was to submit a credit card charge in connection with work done on plaintiff's home. Plaintiff again conceded this point at oral argument and in his supplemental submission to the Court, but seeks to create a claim for alleged conduct for which no federal cause of action exists – namely, that seeking payment from the credit card company "was the basis for Capital One's defaming my integrity." (Plaintiff's November 1, 2007 Letter to the Court, at 1.) Thus, the Court has concluded that, given the concessions in the Amended Complaint, no amendments can cure these pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

### IV. CONCLUSION

For the reasons stated, defendant's motion to dismiss the federal claims is GRANTED in its entirety. The Court declines to retain jurisdiction over plaintiff's remaining state law claims, and dismisses such claims without prejudice to plaintiff attempting to pursue such claims in state court. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 5, 2007
Central Islip, NY

\* \* \*

---

[4] In reaching this determination, the Court has reviewed all of the plaintiff's submissions, including the bills, letters, and other documents that he attached to his opposition, all of which confirm the futility of any amendment as to the proposed federal claims.

Plaintiff is appearing *pro se*, 3 Larboard Drive, Southampton, New York 11968.  The attorney for defendants is Michael D. Tryon, Esq., Tryon & Pascale, P.C., 1325 Franklin Avenue, Suite 325, Garden City, New York 11530.